IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES H. BOOTH, JR., and HARVEY FRANKLIN BOOTH, REID ROTZLER AND WILLIAM L. HARBAUGH, co-trustees of the Charles H. Booth, Jr. Irrevocable Trust | Civil Action No. 2:09-cv-1361 <br><br> Magistrate Judge Lisa Pupo Lenihan <br><br> Doc. No. 2 |
| Plaintiffs, | |
| v. | |
| DANA L. BALDWIN, Executrix of the Estate of MELVIN H. LEVY, deceased, | |
| Defendant | |

## **OPINION**

LENIHAN, Magistrate Judge

Currently before the Court for disposition is Plaintiff's Motion to Remand Jurisdiction to the Court of Common Pleas of Allegheny County, Pennsylvania (Doc. No. 2). For the reasons set forth below, the Court will grant Plaintiff's motion.

### *Background*

Plaintiffs Charles H. Booth, Jr., Harvey Franklin Booth, Reid Rotzler, and William L. Harbaugh ("Plaintiffs") instituted this action on November 15, 2007, with the filing of a Writ of Summons in the Allegheny Court of Common Pleas ("State Court"). On September 10, 2009, Plaintiffs filed a Complaint in the State Court, alleging negligence and breach of contract by Defendant Dana L. Baldwin's decedent Melvin H. Levy ("Levy").

According to Plaintiffs' Complaint, Booth had owned all of the stock in certain closely held corporations. He employed Levy, a licensed attorney, to draft an estate plan through which the

amount owed for Federal Estate Taxes would be avoided or minimized at the time of Booth's death. Levy suggested an Irrevocable Trust ("the Trust") to serve those ends, and Booth and the other Plaintiffs, as trustees, ultimately executed the Irrevocable Trust Agreement of Charles H. Booth, Jr. ("the Trust Agreement") on October 24, 1997.

Plaintiffs' Complaint avers that Levy advised Booth that by his gifting stock to the Trust, Booth would give up all control of the stock and it would effectively be eliminated from Booth's estate, thus escaping Federal Estate Tax upon his death. Booth did gift his stock to the Trust, whereupon Levy prepared a Gift Tax Return, which was submitted to the Internal Revenue Service ("IRS"), audited, and accepted.

After Levy's death on November 24, 2006, Booth retained a new attorney and accountants. After reviewing the Trust Agreement, those individuals informed Booth that the Trust Agreement incorrectly uses the wording typically seen in a *revocable* trust and that he would be determined to have retained control over the Trust. Because of drafting errors by Levy, Booth's advisors explained, the stock that had been gifted to the Trust would, in fact, be included in Booth's estate at the time of his death. Therefore, the stock would be subject to the imposition of the Federal Estate Tax.

Booth then filed a Petition for Modification of an Irrevocable Trust in the Court of Common Pleas of Westmoreland County. On February 1, 2008, Booth's Petition was granted by Order of Court ("Westmoreland County Order"). Booth then applied to the IRS for a Private Letter Ruling by which the IRS would accept the Westmoreland County Order; after a hearing on April 1, 2009, Booth learned that the IRS would decline his request.

Based upon the above, Plaintiffs allege that Levy's drafting errors constitute professional negligence and breach of contract. Plaintiffs allege that they have and will sustain damages for the "Federal Estate Tax and/or Federal Gift Tax on the value of Booth's corporate stock," the "Federal Estate Tax and/or Federal Gift Tax on the appreciation in value of the corporate stock," and fees and costs to correct Levy's drafting errors.

On October 9, 2009, Defendant filed a Notice of Removal. Defendant predicated federal removal jurisdiction on 28 U.S.C. §§ 1331 and 1340, given that "substantial questions of Federal Tax law must be resolved in order to litigate the legal malpractice claim." (Notice of Removal, ¶ 8.)

Plaintiffs filed the instant Motion to Remand ("Motion") on October 12, 2009, to which Defendant filed a Response on October 21, 2009.

*Legal Standards*

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to the district court. 28 U.S.C. §1441(a). One area in which federal district courts enjoy original jurisdiction is in "federal question" cases, which are those "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

To remove a case to a district court, the defendant must file a notice of removal with the district court within thirty days after his receipt of a copy of the initial pleading, unless the case stated by the initial pleading is not removable. 28 U.S.C. § 1446(b). The filing of this notice results in immediate removal of the case from the State court. 28 U.S.C. § 1446(c). However, any party may file a motion to remand "on the basis of any defect other than lack of subject matter jurisdiction" within 30 days of the notice of removal. 28 U.S.C. § 1447.

The well-pleaded complaint rule provides that federal question jurisdiction is established when the face of a properly pleaded complaint asserts a federal question. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). The federal issue must be a substantive one; "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Namey v. Malcolm*, 534 F. Supp. 2d 494, 499 (M.D. Pa. 2008) (quoting *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986)). When a plaintiff bases his claims on state law, "original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).

Where a party files a motion for remand, the removing defendant carries the burden of proving that removal was proper. *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 219 (3d Cir. 2005) (citing *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir. 2004)). "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987) (other citations omitted)); *Sikirica* at 219.

### *Analysis*

Preliminarily, it is noted that Defendant's Notice of Removal and Plaintiffs' Motion were timely filed. The Notice of Removal was filed less than 30 days after the filing of Plaintiffs' Complaint, and Plaintiffs' Motion followed three days later.

In her Notice of Removal, Defendant relies upon 28 U.S.C. § 1340, which provides, "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade." She also insists that, given Plaintiffs' statement of damages, "there must be a resolution of substantial questions of federal tax law in order to litigate the legal malpractice claim." (Notice of Removal, ¶ 7.)

Plaintiffs disagree, however, arguing in their Motion that the primary issue is the standard of care to which Levy was obligated to adhere. Plaintiffs aver that if Defendant is found liable, the resulting harm is imposition of the federal taxes and that, "while there may be a dispute as to the *amount* of estate and gift tax to be imposed inasmuch as the amount of tax may depend on the valuation of certain assets, this is clearly not a 'substantial question of federal tax law.'" Plaintiffs claim that the parties will only have to consult with the estate and gift tax rates, which does not amount to a substantial federal question.

In Defendant's Response, she focuses on several other issues to support the argument that there is a substantial federal question involved. She restates the primary issue as "whether the Irrevocable Trust...will remove the assets from the plaintiff's estate for purposes of federal estate tax law." Defendant also maintains that secondary issues are the appropriateness of the IRS's decision to not give retroactive effect to the Westmoreland County Order, and the effect of the Gift Tax Return & the IRS's acceptance of it. Finally, Defendant argues that for Plaintiffs to succeed on their claim, they must prove that the Trust did not accomplish its purpose.

Here, Defendant insists that Plaintiffs' having claimed damages in the amount of their federal tax liability constitutes a federal question, whereas Plaintiffs treat that matter as a collateral one.

They stress rather that the issue is the standard of care to which Levy was required to abide, and whether he did so.

The oft-cited *Gully v. First National Bank in Meridian*, 299 U.S. 109 (1936), identifies the extent to which a case must revolve around a cited federal statute in order that it may be properly removed. There, the defendant, having contracted to take over the assets and liabilities of an insolvent bank, failed to pay state and local taxes owed. *Gully* at 111. The state tax collector sued the defendant in the state court. *Id*. The defendant then removed the case, the federal district court denied the plaintiff's motion for remand, and the case was tried on the merits whereupon the complaint was dismissed. *Id*. at 112. The Circuit Court of Appeals for the Fifth Circuit affirmed the dismissal and further dismissed the plaintiff's objection that the case should be heard in the state court "upon the ground that the power to lay a tax upon the shares of national banks has its origin and measure in the provisions of a federal statute...and that by necessary implication a plaintiff counts upon the statute in suing for the tax." *Id*.

The United States Supreme Court granted certiorari to address the jurisdiction of the District Court, ultimately reversing the judgment and ordering that the case be remanded to the Mississippi state court. *Id*. at 118. The Court noted that, for a case to be removed, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id*. at 112. The suit must "really and substantially involve[] a dispute or controversy respecting the validity, construction or effect of such a law...." *Id*. at 114. The Court held that in that case, however, the primary issue was the parties' compliance with Mississippi state law and that it was the state that had created the plaintiff's right to recover the unpaid taxes. *Id*. at

116. The Court noted that it could not approach issues related to the federal statutes until it was first determined whether the state law had been observed. *Id*. at 117.

Also instructive is *Salman v. Arthur Andersen LLP*, 375 F. Supp. 2d 1233 (D. N. M. 2005). In that case, in conjunction with the IRS's investigation of the defendant and its enforcement of summonses, the defendant had provided the IRS with a privilege log, listing some documents belonging to the plaintiffs, its clients. *Id*. at 1235. The plaintiffs then filed a Complaint and Request for Injunctive Relief seeking: (1) relief for the defendant's breach of a confidentiality agreement; (2) a declaratory judgment that the plaintiffs' documents were privileged; and (3) an injunction to enjoin release of those documents to the IRS. *Id*. at 1235-36.

Although the claims asserted by the *Salman* plaintiffs were based on state law, the defendant removed the case based upon a pair of federal statutes that granted district courts jurisdiction over enforcement of summonses issued by the IRS. *Id*. at 1237-38. The plaintiffs had not raised those statutes in their Complaint, and the district court characterized the defendant's removal as an attempt "to recast the Plaintiffs' claims" as those involving a federal question. *Id*. at 1238. Accordingly, the district court remanded the matter, citing *Merrell Dow* and noting that the plaintiffs' Complaint neither "assert[ed] any particular federal statutory entitlement nor, on its face, ... require[d] the interpretation of federal law." *Id*. at 1238. The U.S. Supreme Court stated in *Merrell Dow* that "the mere presence of a federal issue in a state cause of action does not automatically confer federal jurisdiction." *Merrell Dow*, 478 U.S. at 813. "The federal question must be 'substantial' to meet the jurisdictional test." *Salman* at 1237 (citing *Merrell Dow* at 813).

In the case above, Defendant's two primary bases for removal are: (1) the federal statute that grants original jurisdiction to district courts "of any civil action arising under any Act of Congress

providing for internal revenue;" and (2) the argument that the Court must resolve "substantial questions of federal tax law in order to litigate the legal malpractice claim." In regards to the second assertion, Defendant insists that the IRS's treatment of the Westmoreland County Order and of the Gift Tax Return are essential to the litigation of Plaintiffs' claims.

*Gully* and *Salman* dispose of Defendant's first argument. In those cases and in the one before the court, it is the state law that has created the right to relief, if any. Although Defendant notes that district courts have jurisdiction in cases regarding internal revenue, she can establish neither that the underlying federal statute is anything but collateral nor that it is essential to Plaintiffs' cause of action. The primary issue here is not the imposition or appropriateness of a federal tax, but Levy's compliance with state law. This suit does not, in the language of *Gully* quoted above, "really and substantially involve[] a dispute or controversy respecting the validity, construction or effect of" any federal law, and Defendant fails to meet her burden of demonstrating that removal is appropriate on this basis.

In her second argument, Defendant, like the defendant in *Salman*, has reworded and supplemented the primary issues as brought by Plaintiffs in such a way as to couch them in federal law. While Plaintiffs have alleged state law claims of malpractice and breach of contract, Defendant has attempted to convert the case into one of federal tax law, suggesting that the malpractice claim cannot be fully litigated without a thorough discussion of the federal taxes at issue. The basic elements of a professional malpractice case of this sort are: (1) employment of the attorney or some basis imposing a duty; (2) the attorney's failure to exercise ordinary skill or knowledge; and (3) resulting damages sustained by the plaintiff. *Williams v. Sturm*, 110 F. Supp. 2d 353, 358 (E.D. Pa. 2000) (citing *Bailey v. Tucker*, 533 Pa. 237, 246 (1993)). Clearly, the additional issues posited by

Defendant are not instrumental to Plaintiffs' satisfying any of these three elements. "Whether a case arises under a federal law is determined by the 'well-pleaded complaint rule.'" *Franchise Tax Bd.* at 9. The face of Plaintiffs' Complaint does not ask the Court to consider the IRS's treatment of either the Westmoreland County Order or the Gift Tax Return. Based upon the face of Plaintiffs' Complaint, this case is centered around state law claims. Accordingly, this Court cannot concede that an examination of either federal taxes or practices of the IRS is necessary to resolution of Plaintiffs' claims.

### *Conclusion*

For the foregoing reasons, the Court finds that Defendant's Notice of Removal was improper and that, therefore, remand is appropriate. An appropriate order will follow.

Dated: November 9, 2009   BY THE COURT:

LISA PUPO LENIHAN
United States Magistrate Judge

cc:   Counsel of Record
      *Via Electronic Mail*